IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| BRUCE PETTWAY and EMPLOYER BENEFITS CONSULTING, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ATTORNEY GENERAL STEVE MARSHALL, in his individual and official Capacities; and BBVA COMPASS BANK, <br><br> Defendants. | Case No. 5:19-CV-1073-KOB |

**MEMORANDUM OPINION**

The matter comes before the court on Defendant Attorney General Steve Marshall's "Motion to Dismiss," in which the Attorney General argues that the *Younger* abstention doctrine requires the court to abstain from exercising jurisdiction over Plaintiffs' claims. (Doc. 16). For the reasons discussed below, the court WILL DENY the Attorney General's motion to dismiss.

**I. Factual Background**

Plaintiff Bruce Pettway, the founder of Plaintiff Employee Benefits Consulting, LLC, is the brother of Jefferson County Sheriff Mark Pettway. (Doc. 11 at ¶¶ 10, 22). Since Sheriff Pettway's investiture in January 2019, Plaintiffs allege the Attorney General has publicly criticized the new sheriff's supposed failure to enforce Alabama's misdemeanor gambling laws. (Doc. 11 at ¶ 23).

Plaintiffs allege Bruce Pettway provided consulting services to Brighton Ventures and Brighton Ventures II in early 2019 in exchange for a one-time payment of approximately $15,500, which he deposited into EBC's BBVA bank account. (Doc. 11 at ¶¶ 13–14, 16).

Plaintiffs allege that in April 2019 Attorney General Marshall told a group of students at Auburn University that he would "handle the Sheriff" for the Sheriff's supposed failure to enforce Alabama's gambling laws in Jefferson County. (Doc. 11 at ¶ 24).

On or about June 13, 2019, BBVA notified Plaintiffs that the Alabama Attorney General's office had frozen EBC's account with BBVA, which had approximately $240,000 in it. (Doc. 11 at ¶¶ 19–20).

The Attorney General's office commenced an *in rem* forfeiture action in Madison County against EBC's BBVA account on July 3, 2019. (Doc. 11-1). Despite the forfeiture action concerning EBC's bank account, the petition primarily details the allege gambling operations of Brighton Ventures. In fact, the petition only mentions EBC twice: once as a party "involved in the operations of . . . Brighton Ventures" and once as an entity that "*may* have an interest in the contents of the account." (Doc. 11-1 at ¶¶ 3, 9) (emphasis added). The petition never explicitly identifies the accountholder of the account and never acknowledges the account belongs to EBC.

Plaintiffs filed their first complaint in this court on July 10, 2019, as well as a simultaneous motion for a preliminary injunction to order the State to unfreeze EBC's bank account. (Docs. 1 & 2). Plaintiffs allege they learned of the State's forfeiture petition on July 19 and filed their first amended complaint that same day, incorporating the ongoing forfeiture proceeding into their allegations. (Doc. 11 at ¶ 31). Plaintiffs again amended their complaint on July 23, adding allegations of bad faith. (Doc. 15).

The Attorney General moved to dismiss the complaint on July 24, arguing the court should abstain from exercising jurisdiction over this matter because it asks the federal court to intervene in an ongoing state judicial proceeding. (Doc. 17). Plaintiffs filed their response on

July 25, and Attorney General Marshall filed a reply on July 31. (Docs. 22 & 24). The court considers the matter fully briefed and ripe for review.

## II. Standard of Review

As an initial matter, whether courts should analyze the *Younger* abstention doctrine under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6) is not entirely clear. *Compare Fairfield Cmty. Clean Up Crew, Inc. v. Hale*, 2:17-CV-308-LSC, 2017 WL 4865545, at *2–3 (N.D. Ala. Oct. 27, 2017) (applying Rule 12(b)(1) standard) *with Cano-Diaz v. City of Leeds, Ala.*, 882 F. Supp. 2d 1280, 1284–85 (N.D. Ala. 2012) (applying Rule 12(b)(6) standard). But, when a defendant makes a facial, rather than a factual, attack on subject matter jurisdiction under Rule 12(b)(1), the court applies a standard of review akin to that of Rule 12(b)(6). *Carmichael v. Kellogg, Brown & Root Services, Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009) ("Facial challenges to subject matter jurisdiction are based solely on the allegations in the complaint. When considering such challenges, the court must, as with a Rule 12(b)(6) motion, take the complaint's allegations as true."). The Attorney General's motion to dismiss references both Rule 12(b)(1) and (6), and its argument against the court exercising jurisdiction presents a facial attack, so the court applies Rule 12(b)(6) pleading standards to the motion.

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. (citation omitted).*

The court accepts well-pleaded factual allegations as true on a motion to dismiss, but legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Iqbal*, 556 U.S. at 678.

In considering a Rule 12(b) motion, the court is primarily limited to the face of the complaint and its attachments. "However, where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings . . . ." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1365, 1368–69 (11th Cir. 1997) (internal citations omitted).

Furthermore, several circumstances exist in which a court may consider matters outside of the pleadings in ruling on a Rule 12(b) motion without converting the motion to a motion for summary judgment. *See Davis v. Self*, No. CV-12-S-2402-NW, 2013 WL 754853, at *2 (N.D. Ala. Feb 25, 2013). One of these circumstances arises when facts or documents are subject to judicial notice. *See* Fed. R. Evid. 201(a)–(d); *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("In analyzing the sufficiency of the complaint, we limit our consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed.").

As reflected in this Memorandum Opinion, Alabama state court proceedings influence the considerations in this case. Plaintiffs provided some of the relevant documents in their pleadings, and the parties provided other relevant documents as attachments to their briefs. Because these documents are part of the public record, the court takes judicial notice of all the proceedings and filings in *Alabama v. Contents of BBVA Compass Bank Account 6720769873*, CV-2019-901241.00.

### III. Discussion

Plaintiffs' complaint challenges the constitutionality of the State's ongoing application of Alabama's search and seizure statute and rule, as well as its use of civil forfeiture proceedings brought pursuant to Alabama law. So, Defendant moves the court to abstain from exercising jurisdiction[1] over the matter, pursuant to the *Younger* doctrine of abstention.

In *Younger v. Harris*, the Supreme Court recognized "the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." 401 U.S. 37, 41 (1971). The court must determine whether the pending state court proceeding qualifies for *Younger* abstention, and, if so, whether a "special circumstance" still warrants exercising jurisdiction over the matter.

*Application of* Younger *doctrine to civil forfeiture proceeding*

"Although *Younger* concerned state criminal proceedings, its principles are 'fully applicable to noncriminal judicial proceedings when important state interests are involved.'" *31 Foster Children v. Bush*, 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Ct. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Moreover, though in an unreported case, the Eleventh Circuit has already concluded that a state court civil forfeiture action related to Alabama's gambling laws "is the type of action to which the *Younger* abstention principles generally apply." *Fairfield Cmty. Clean Up Crew, Inc. v. Hale*, 735 Fed. App'x 602, 605 (11th Cir. May 22, 2018) (citing *Middlesex*, 457 U.S. at 432).

Plaintiffs' brief merely posits that *Younger* does not apply to noncriminal proceedings but does not attempt to explain the Supreme Court's decision in *Middlesex* or distinguish this case

---

[1] Of course, abstaining from exercising jurisdiction first requires the court to have jurisdiction. While Defendant does not challenge the court's subject matter jurisdiction, the court notes that Plaintiffs' claims arise under 42 U.S.C. § 1983, the Fourth Amendment, and the Eighth Amendment, giving this court federal question subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

from *Fairfield*. (Doc. 22 at 3). So, the court concludes that, absent "special circumstances," the court should abstain from exercising jurisdiction under the *Younger* doctrine.

*"Special circumstances" disfavoring abstention*

As noted above, federal courts can still exercise jurisdiction over claims challenging state court proceedings to which the *Younger* doctrine would ordinarily apply when the plaintiff can make a showing of "bad faith, harassment, or any other unusual circumstances that would call for equitable relief." *Younger*, 401 U.S. at 54. The Supreme Court also indicated that when "a *statute* [is] flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph," federal courts should not abstain from exercising jurisdiction over a case challenging that statute. *Younger*, 401 U.S. at 53 (quoting *Watson v. Buck*, 313 U.S. 387, 402 (1941)) (emphasis added). These exceptions to the *Younger* doctrine "establish the kind of irreparable injury, above and beyond that associated with the defense of a single prosecution brought in good faith, that had always been considered sufficient to justify federal intervention." *Id.* at 48.

Plaintiffs argue that the State's forfeiture petition represents a "flagrant and patent" violation of the Excessive Fines Clause of the Eighth Amendment, militating against abstention. (Doc. 22 at 6). But the court understands the "flagrant and patent violation" exception to apply to statutes, not applications of otherwise valid statutes. That is, the language in *Younger* itself appears to contemplate a challenge to a state law so obviously unconstitutional *on its face* that enforcement in any manner and against any person would still violate that person's rights. *Younger*, 401 U.S. at 53–54.

But, as far as the court can tell, Plaintiffs do not facially challenge the constitutionality of any Alabama law. Rather, they are challenging the Attorney General's *application* of Alabama

law to them. Plaintiffs' brief cites several cases indicating that the State's seizure and proposed forfeiture of the entire $240,000 in EBC's bank account could violate Plaintiffs' Eighth Amendment rights. But Plaintiffs do not provide any authority for an exception to *Younger* abstention based on the obvious unconstitutionality of the State's *application* of a law. So, the court rejects this argument as providing an exception to *Younger* abstention in this case.

Plaintiffs also argue that the court should not abstain from exercising jurisdiction under *Younger* because the Attorney General's office brought the *in rem* action against Plaintiffs' assets in bad faith. (Doc. 22 at 3). Plaintiffs fail to provide the court any definition of "bad faith" in the context of *Younger* abstention or any relevant caselaw. Defendant points to Supreme Court opinions that seemingly narrow the bad faith exception to apply only when a "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n. 5 (1975); *see also Redner v. Citrus Cty., Fla.*, 919 F.2d 646, 650 (11th Cir. 1990).

But this court has found other opinions expanding the bad faith exception to include impermissibly motivated prosecutions brought to harass the state action defendant. *See, e.g.*, *Cameron v. Johnson*, 390 U.S. 611, 619 (1968); *Fitzgerald v. Peek*, 636 F.2d 943, 945 (5th Cir. Jan. 14, 1981)[2]; *Wilson v. Thompson*, 593 F.2d 1375, 1387 (5th Cir. 1979); *see also Younger*, 410 U.S. at 56 (Brennan, J., concurring) ("He has not alleged that the prosecution was brought in bad faith *to harass him*.") (emphasis added). So, while Defendant's proffered definition represents one type of bad faith, the court concludes that improper prosecutorial motives and harassment can also constitute bad faith sufficient to avoid *Younger* abstention, "regardless of whether valid convictions conceivably could be obtained." *Fitzgerald*, 636 F.2d at 945.

---

[2] The Eleventh Circuit adopted as binding all Fifth Circuit decisions handed down prior to October 1, 1981. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981).

Here, Plaintiffs have alleged facts sufficient to state a plausible claim of bad faith. Plaintiffs point to Attorney General Marshall's public criticism of Sheriff Pettway's lack of enforcement of gambling laws, including his statement that he would "handle" the sheriff just a few months before initiating seizure and forfeiture proceedings against Plaintiffs—Sheriff Pettway's brother and his brother's business. (Doc. 22 at 5). Plaintiffs also allege deficient notice of the state proceedings against them and maintain that the State brought the actions in Madison County specifically to inconvenience Plaintiffs, who reside over 100 miles away in Jefferson County. (Doc. 11 at ¶¶ 29–31; Doc. 22 at 4). And the action itself, forfeiture of $240,000 for alleged "gambling proceeds" far below that amount, strikes the court as facially suspect. Finally, the court specially notes the State's misleading forfeiture petition, which appears to insinuate that the account and the $240,000 sought to be forfeited belong to Brighton Ventures, not Plaintiff EBC. (Doc. 11-1). Taken together, and as true, Plaintiffs' allegations plausibly state the claim that the State's actions against Plaintiffs were politically or personally motivated, have been procedurally tainted, were all with the intent to harass Plaintiffs, and were all in bad faith.

Defendant contends that "Plaintiff's allegations of bad faith . . . completely overlook the fact that his state court forfeiture proceeding will be presided over by an impartial judge." (Doc. 24 at 3). The court specifically addresses this argument to clarify that its decision in no way conveys a lack of faith in the Madison County Circuit Court or the Alabama judiciary. Rather, "[w]hen the federal right sought to be protected is the right not to be subjected to a bad faith prosecution or a prosecution brought for the purposes of harassment, the right cannot be vindicated by undergoing the prosecution." *Shaw v. Garrison*, 467 F.2d 113, 122 n. 11 (5th Cir. 1972). That is, the forfeiture proceeding itself, no matter how impartially adjudicated, constitutes an constitutional violation *if* brought for the purposes of bad faith or harassment. The allegations

in the complaint plausibly plead bad faith. The court notes that discovery may change or confirm the conclusion that the court reached here by taking the alleged facts in the complaint as true, as it must do at the motion to dismiss stage.

## IV. Conclusion

So, for the reasons discussed above, the court WILL DENY Attorney General Marshall's motion to dismiss. In view of this Memorandum Opinion and the accompanying Order, the parties shall begin preparing for a hearing on Plaintiffs' motion for a preliminary injunction, which the court will schedule by separate Order.

**DONE** and **ORDERED** this 8th day of August, 2019.

*/s/ Karon O. Bowdre*

**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE